**MOLTZ et al. v. UNITED STATES.**

No. M–317.

Court of Claims.

May 31, 1932.

On Plaintiff's Motion for New Trial Dec. 5, 1932.

Francis R. Lash, of Washington, D. C., for plaintiffs.

John A. Rees, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen., for the United States.

Argued before BOOTH, Chief Justice, and WHALEY, WILLIAMS, GREEN, and LITTLETON, Judges.

LITTLETON, Judge.

This suit is for the recovery of $6,598.80, interest paid on April 21, 1925, on a portion of an additional tax for 1916 assessed April 16, 1920, and paid May 1, 1923, upon the rejection of a claim for abatement.

The decedent prepared and duly filed with the collector for the district of Georgia, on February 28, 1917, his income tax return for the calendar year 1916 showing a total tax liability of $6,241.25, which was duly assessed by the Commissioner April 17, 1917, and paid June 14, 1917. Thereafter the Commissioner discovered that the return so filed was erroneous, and on April 16, 1920, assessed an additional tax of $113,302.54 for 1916.

May 6, 1920, the decedent filed with the collector a claim for the abatement of $36,660 of the additional assessment, and the collection of that portion thereof was thereupon stayed. Thereafter, on July 7, 1920, the decedent paid the balance of the additional assessment of $76,642.54 under protest.

The Commissioner examined, considered, and audited the decedent's claim for abatement, and on April 6, 1923, notified the decedent by letter of that date that the claim was rejected. The decedent received notice and demand from the collector on April 18, 1923, for the payment of the additional tax of $36,660 covered by the abatement claim which had been rejected, plus $12,464.40 as interest thereon at the rate of one per centum per month for a period of thirty-four months. May 1, 1923, the decedent paid under protest the tax of $36,660 demanded by the collector, and on the following day, May 2, 1923, filed with the collector a claim asking the abatement of $12,464.40; interest computed and demanded by the collector.

The amount of interest so computed by the collector and included in his notice and demand was erroneous, and was thereafter

correctly recomputed by him in the amount of $6,598.80. On August 22, 1923, the last-mentioned amount of interest was assessed by the Commissioner. Thereafter, in March, 1925, he rejected the claim for abatement of the interest in its entirety. The Commissioner did not mail to the plaintiffs a notice of his rejection of the abatement claim. Thereafter the collector notified the executors of the estate of the decedent that the interest of $6,-598.80 must be paid, and on April 21, 1925, they paid the same under protest.

The Commissioner did not at any time subsequent to June 1, 1924, mail to the decedent or to the executors of his estate a notice under sections 274 (a) or 280 of the Revenue Act of 1924 (26 USCA §§ 1048 note, 1064 note), that he had made a determination of a deficiency in tax or a determination with respect to interest for the taxable year 1916.

April 19, 1929, the plaintiffs, acting through a duly appointed and designated attorney in fact, filed with the Commissioner a claim for refund on Form 843 for and on behalf of the estate of the decedent asking for the refund of the additional tax theretofore paid, and likewise asking for the refund of the interest paid of $6,598.80. The basis of the claim was "that the additional tax and/or interest for the taxable year 1916 was assessed and/or collected at a time when the commissioner was without a legal right so to do; or at a time when the assessment and/or collection was barred by the statute of limitations applicable thereto."

The Commissioner considered the claim for refund, and by letter of July 31, 1929, to the estate of the decedent, advised the estate and the executors thereof that "your claim for refund will therefore be rejected in full. The rejection of the claim will officially appear on the next schedule to be approved by the commissioner."

On August 21, 1929, the Commissioner, by letter of that date, advised the attorney in fact for the estate of the decedent that the "rejection of the claim was scheduled on August 9, 1929."

Until recently it was not the regular practice of the Commissioner of Internal Revenue to prepare and sign a schedule of rejection of claims in every case.

George F. Armstrong died February 24, 1924, and by his last will and testament nominated and appointed Lucy C. Armstrong Moltz, executrix, Frank D. M. Strachan and Robert W. Groves, executors, of his estate. They qualified and were granted letters testamentary c. t. a. by the court of ordinary at Savannah, Ga.

The defendant demurs to the petition on the grounds, first, that the petition was filed more than five years after the payment of the tax and more than two years after rejection of the refund claim, which rejection, it is contended, occurred on July 31, 1929; and, secondly, upon the facts set forth in the petition the plaintiffs are not entitled to recover the interest sued for.

The questions presented in this case have been considered and decided this date by this court in Savannah Bank & Trust Company and Robert W. Groves, Executors of the Will of George P. Walker, Deceased, v. United States, 58 F.(2d) 1068. For the reasons stated in that case, we hold that the plaintiffs herein are not entitled to recover.

The demurrer is sustained and the petition is therefore dismissed. It is so ordered.

On Plaintiffs' Motion for a New Trial.

Plaintiffs have filed a motion for a new trial in this case, and stress the point that the demurrer should be overruled, for the reason that the additional tax for 1916, upon which the interest involved in this case was collected, was assessed before January 1, 1921, the effective date of the Revenue Act of 1921 (42 Stat. 227), and more than three years after the return for 1916 was filed, and that the claim in abatement filed May 6, 1920, was also before the effective date of the 1921 act, and cannot, therefore, be held to be within the purview of section 611 of the Revenue Act of 1928 (26 USCA § 2611). This point was not specifically discussed in the original opinion, but it was considered and it was concluded that, in view of the provisions of section 250 (d) of the Revenue Act of 1921 (42 Stat. 264), providing for collection of the tax for 1916 within five years after the return was filed, and since the assessment was made and the claim in abatement was filed within that time, the provisions of section 611 were applicable.

It is argued that the limitation provided in section 250 (d) of the Revenue Act of 1921 could have no effect upon the assessment for 1916, which had already been made, or the abatement claim which had been filed, and it is urged that, since no new assessment was made within five years allowed by the Revenue Act of 1921, the assessment remained invalid, the claim in abatement of no effect, and collection of the tax and interest on May 1, 1923, was illegal.

We cannot agree with this contention. Section 250 (d) of the Revenue Act of 1921

gave the Commissioner until March 1, 1922, to assess and collect any tax due for 1916. This section rendered valid the assessment for 1916 which had already been made, and it was not necessary for the Commissioner to reassess the tax. Upon the enactment of the Revenue Act of 1921 on November 23, 1921, the Commissioner had three months within which to make collection. Although collection of the tax was barred by the provisions of the Revenue Act of 1916 (39 Stat. 756) at the time the claim for abatement was filed May 6, 1920, that bar was removed by the Revenue Act of 1921 and the claim for abatement operated to stay collection of the tax until after the expiration of limitation on collection provided in that act. This, we think, brings the case within the purview of section 611 of the Revenue Act of 1928, and the demurrer was properly sustained.

The motion for a new trial is therefore overruled.